UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CHASTIDI CORREA,  )
an individual,  )
  )
    Plaintiff,  )
  )
vs.  )  CASE NO.: 0:21-cv-62434
  )
NEWCASTLE INVESTMENTS, LLC,  )
a Florida Limited Liability Company,  )
  )
    Defendant.  )
_____/

**COMPLAINT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, CHASTIDI CORREA, by and through her undersigned counsel, hereby files this Complaint and sues NEWCASTLE INVESTMENTS, LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, CHASTIDI CORREA, (hereinafter referred to as "Ms. Correa") is a resident of the state of Florida in Broward County.

1

4.      Plaintiff is a qualified individual with a disability under the ADA.  Plaintiff was severely injured in a workplace accident in 2012 affecting her lower back and elbow.  As a result, she is permanently disabled.

5.      Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a walker for mobility. [1]

6.      Defendant NEWCASTLE INVESTMENTS, LLC, (hereinafter referred to as "Defendant") is a Florida Limited Liability Company, registered to do business in the State of Florida.  Upon information and belief, Defendant is the owner of the real property and improvements, Sample Square Shopping Center, which is the subject of this action, to wit: generally located at 501-599 E Sample Rd, Pompano Beach, FL 33064 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.[2]

7.      All events giving rise to this lawsuit occurred in the Southern District of Florida, Broward County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.      Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9.      The Property, a shopping plaza, is consequently a place of public accommodation subject to the ADA.

---

[1] Plaintiff is capable of walking short distances without assistance on good days.
[2] This Property has been the subject of previous ADA Title III litigation on several occasions (CASE #: 0:02-cv-60641-JAL; CASE #: 0:09-cv-61937-JAL; CASE #: 0:12-cv-62418-WPD; CASE #: 0:18-cv-60531-DPG) under previous ownership. None of these previous matters involved the current Plaintiff or the current Defendant, nor did they successfully address the accessibility issues alleged in the instant lawsuit.

10. Plaintiff has visited the Property discussed herein numerous times over the last year approximately on a weekly basis. Moreover, she plans to continue visiting in the near future despite the access issues.

11. During all of her visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would like to visit the Property more often.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property but fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and is discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered her access:

   A. Plaintiff personally encountered inaccessible parking designated for disabled use due to excessive slopes and damaged pavement within the spaces and their access aisles regarding all parking spaces marked for disabled use. This caused Plaintiff difficulty using the spaces and increased her risk of a fall when transferring into and out of her vehicle.

   B. Plaintiff personally encountered inaccessible parking spaces designated for disabled use due to built-up curb ramps which protrude into several of the parking spaces causing slopes well in excess of 1:48.

   C. Plaintiff personally encountered inaccessible parking spaces designated for disabled use due to at least one of the parking spaces lacking an adjacent five foot wide access aisle.

   D. Plaintiff personally encountered inaccessible curb ramps leading from the disabled use parking spaces to the property sidewalk due to excessive slopes, steep side flares and disrepair throughout the Property.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of her intent to return as a patron, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

   A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E. That this Court awards such other and further relief as it deems necessary, just and proper.

Date: December 2, 2021

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis Mussman*
Louis Mussman, Esq.
(FL Bar # 597155)
Brian T. Ku, Esq.
(FL Bar #: 610461)